**UNITED STATES of America, Plaintiff,**

v.

**John Alvin PAYNE, et al., Defendants.**

**No. 87–105 CR (5).**

United States District Court,
E.D. Missouri, E.D.

April 7, 1988.

Wayne Polette, St. Charles, Mo., Goodman, Stein, Chesnoff & Quint, David L. Chesnoff, Las Vegas, Nev., John Boeger, St. Louis, Mo., for defendants.

Ben Clark, Mitchell Stevens, St. Louis, Mo., for plaintiff.

**MEMORANDUM OPINION
AND ORDER**

LIMBAUGH, District Judge.

On April 27, 1987 United States Magistrate William S. Bahn ordered defendant John Alvin Payne detained prior to trial. On that day, defendant Payne filed a motion under 18 U.S.C. § 3145(b) seeking review of Judge Bahn's detention order. On April 28, 1987, this Court conducted a hearing on defendant's motion, and on May 12, 1987, after the *de novo* hearing, the Court ordered Payne committed to the custody of the Attorney General of the United States for confinement pending trial. Certain other provisions were entered in that order, including the opportunity for counsel to have private consultation with Payne.

The May 12, 1987 order was appealed and on June 29, 1987, the United States Court of Appeals for the Eighth Circuit affirmed the decision of this Court denying Payne bail.

The original indictment in this case was filed March 31, 1987, and named as defendants Payne and Terrell Williams. That indictment set out a one-count conspiracy to distribute cocaine in violation of Title 21, U.S.C. §§ 841(a)(1) and 846. This Court's May 12, 1987 order of confinement was based upon the original one-count indictment and the evidence offered at the time

of the Magistrate's hearing, and the *de novo* review.

On June 10, 1987 a superceding indictment was filed, suppressed, and same was lifted on June 16, 1987. In the superceding indictment the defendant and 13 other persons were listed as co-defendants. In that indictment, defendant Payne was charged with Counts 1, 2, 4, 15, 16, 21, 23, 24, 25, 26, 27, 28, 29 and 30. In Count 1, this defendant was alleged to be a part of a conspiracy to distribute approximately 176 pounds of cocaine. This defendant was listed as a participant in 16 of the 37 overt acts alleged in the indictment. The remaining counts with which defendant is charged involve separate allegations of possession with intent to distribute cocaine and counts involving violations of the Drug Abuse Control Act of 1970, and the Anti-Drug Abuse Act of 1986.

All the defendants, including Payne, requested a late setting of this case because of the need for discovery and the need for the opportunity to listen to certain taped recordings of conversations which might be utilized as evidence in the case.

Attorney Jerry Kaplan originally represented Payne, together with local counsel in St. Louis, Missouri. Thereafter, Jerry Kaplan withdrew, and attorney David L. Chesnoff of Las Vegas, Nevada entered his appearance on behalf of Payne, and at his request and that of others, the trial date was extended, once again, to April 25, 1988.

Information was given to the Court during February of 1988 that counsel for Payne could not be ready for trial on April 25th due to other commitments. On February 23, 1988, the Court wrote counsel indicating that the case was set for trial on April 25, 1988 and would be tried that date absent extraordinary circumstances.

The parties through counsel appeared before the Court after an evidentiary motion hearing before the United States Magistrate on March 25, 1988, and counsel for Payne indicated that he had started a murder trial in Pennsylvania which would extend beyond April 25, 1988 and that he had additional litigation to try thereafter. The Court was not prepared to grant a continuance of the matter, except that counsel for all other defendants joined with counsel for the defendant Payne and this Court acquiesced and granted a continuance of the April 25, 1988 setting to September 6, 1988.

On March 10, 1988, 15 days before this defendant asked that the case be continued, this defendant filed motion for reconsideration of the Court's original detention order. That motion was set for a hearing on April 1, 1988 at which time defendant and counsel reargued their respective points of view. No new testimony was elicited.

Other than reargument of points made at the time of the original hearing, only two new items were inserted. The first was that defendant attached to his motion a newspaper article in the June 15, 1977 edition of the *St. Louis Globe Democrat.* That article set out pictures of three persons, of which this defendant was not one, who had been arrested on drug charges after an intensive six-month investigation. This Court found in May 12, 1987, on the issue of the likelihood that defendant might flee, that in June of 1977 this defendant and eight other defendants were indicted in connection with a drug charge. This Court found that the defendant was not taken into custody until 14 months later when the Little Rock, Arkansas police arrested him at a motel. At the time of the arrest, this defendant was not registered in the motel under his true name and was carrying an identification card bearing the name "Ernest Lamont Powell." This Court further found that the indictment received substantial coverage in the St. Louis press, and some of the news stories mentioned the names of the persons charged, including that of the defendant. The copy of the *Globe Democrat* newspaper article was filed to suggest that at least in one of the articles, the defendant's name was not listed.

Other than the tendering of this additional bit of evidence, no new evidence was elicited.

The second additional item introduced in defendant's motion for reconsideration is a series of affidavits of persons who suggest that the defendant is not a threat to the

community, nor is he a risk of flight. There are seven of these affidavits.

The newspaper article does not materially change the factual finding of this Court in its order of May 12, 1987 and the affidavits submitted in support of the motion for reconsideration are cumulative as numerous persons testified at the original hearing that it was their opinion that defendant would not pose a risk of flight nor would he be a danger to himself or to others in the community.

Perhaps the main thrust of defendant's motion for reconsideration is that the spirit and intent of the Bail Reform Act is to encourage courts to grant bail, and if there is concern about risk of flight or danger that stringent conditions be attached to a bond. Defendant cites *U.S. v. Salerno,* —— U.S. ——, 107 S.Ct. 2095, 2104, 2105, 95 L.Ed.2d 697 (1987) in support of this position. This case was decided May 26, 1987, a few days after the original order of May 12, 1987. This Court does not understand *Salerno* to stand for the proposition urged by defendant. In that case, the principal argument was that the Bail Reform Act violates the excessive bail clause of the Eighth Amendment. The Supreme Court rejected that point. The *Salerno* court, *in dictum,* suggested at page 2105:

> "Thus, when the government has admitted that its only interest is in preventing flight, bail must be set by a court at a sum designed to insure that goal, and no more."

Here, the government has presented ample evidence and this Court has found that there is not only a concern about flight, but that the defendant might pose a danger to others in the community. The latter fact is made more evident by the government's assertion that it fears for the safety of one of the defendants who is being held in protective custody. It is anticipated that that person may present evidence of a damaging character to this defendant.

This Court has no reason to depart from its findings of May 12, 1987. Nothing new has been presented in the motion for reconsideration that would alter this Court's original position.

IT IS THEREFORE ORDERED that the motion for reconsideration of this Court's detention order of May 12, 1987, filed by defendant John Alvin Payne is DENIED and the detention order of May 12, 1987 is REAFFIRMED by this order.